USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/25/08

RECEIVED
APR 2 4 2008
CHAMBERS OF
HENRY PITMAN
U.S.M.J.

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**BRIAN FRANCOLLA**
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

April 23, 2008

**BY HAND DELIVERY**
Honorable Henry B. Pitman
Chief United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007-1312

      Re: <u>Ricardo Reuben v. Captain Ellis, et al.</u>, 07 CV 6046 (JSR) (HBP)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants Correction Captain Ellis, Correction Officer Reed and Correction Officer Rejouis. I write to advise the Court of the status of this case and to respectfully renew defendants' request that the Court dismiss this action pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute.

      By way of background, on December 3, 2007, Your Honor issued an order which directed defense counsel to send to plaintiff by December 11, 2007, blank unsealing and medical releases and a postage paid envelope, and further directed plaintiff to execute and return these releases to defendants' counsel by December 28, 2007. On December 7, 2007, this Office complied with Your Honor's Order by mailing the releases and a postage paid envelope to plaintiff at Otis Bantum Correctional Complex on Rikers Island, the address listed for plaintiff on the docket sheet. As we previously advised the Court on December 17, 2007, the letter we sent to plaintiff was returned to this Office on December 14, 2007. The envelope was stamped "Return to Sender" and contained a handwritten note "Bail Paid."

      On December 17, 2007, defense counsel wrote to advise the Court of the status of this case. We respectfully submitted to the Court that it is plaintiff's obligation to notify the Court of a change in his address, and requested that the Court set a date by which plaintiff was obligated to update the Court with his new address on pain of dismissal for failure to prosecute. In response to defendants' December 17, 2007 letter, Your Honor issued an Order on December 28, 2007 directing defense counsel to ascertain whether the New York City Department of Correction (D.O.C.) had a forwarding address for plaintiff, and if so, to send plaintiff at that address a copy of the Court's prior orders, blank unsealing and medical releases, and a postage paid envelope.

Thereafter, this Office was advised by the Legal Division of D.O.C. that plaintiff's last known address, as in his Institutional Inmate folder, was 102 MLK Place, Apartment #4B, Brooklyn, NY 00112. Upon information and belief, plaintiff provided this address to D.O.C. when he was last incarcerated.

By letter dated January 8, 2008, defense counsel complied with Your Honor's December 28, 2007 Order and mailed to plaintiff at his last known address Your Honor's December 3, 2007 Order, a blank medical release, a blank unsealing release and a postage paid envelope. Over one month later, on February 20, 2008, because this Office was still not in receipt of the requested releases and had not been contacted by plaintiff regarding same, defense counsel again mailed plaintiff Your Honor's December 3, 2007 Order, a blank medical release, a blank unsealing release and a postage paid envelope to the forwarding address on file with D.O.C. and requested that he complete the releases and return them to this Office by February 29, 2008 to avoid Court intervention. The letter we sent to plaintiff on February 20, 2008, however, was returned to this Office and the envelope was stamped "Return to Sender."

It has recently come to our attention that the zip code plaintiff provided to D.O.C. when providing his address during the period of his last incarceration may have been incorrect. After conducting a search on the Internet, defense counsel learned that the correct zip code for the street plaintiff provided to D.O.C. as part of his address was "11206." By letter dated April 10, 2008, this Office wrote plaintiff again at the same address but used zip code "11206" and requested that he complete medical and unsealing releases and return them to this Office by April 21, 2008 to avoid Court Intervention. To date, we are still not in receipt of the requested releases and have not been contacted by plaintiff regarding same or any other matter in this case. Accordingly, we respectfully request that the Court dismiss this case for plaintiff's failure to prosecute.

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part: "If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or <u>dismissing the action</u> or proceeding or any part thereof, or rendering a judgment by default against the disobedient party. . . ." (emphasis added). The sanction of dismissal is appropriate when a party's failure to comply with a Court order is due to "willfulness, bad faith or any fault." <u>See</u> <u>Salahuddin v. Harris</u>, 782 F.2d 1127, 1132 (1986) (citing <u>Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers</u>, 357 U.S. 197, 212 (1958)). Where such criteria are met, even a <i>pro se</i> litigant's claim may be dismissed. <u>Quiles v. Beth Israel Medical Ctr.</u>, 168 F.R.D. 15, 18 (1996); <u>Valentine v. Museum of Modern Art</u>, 29 F.3d 47, 50 (2d Cir. 1994). The Second Circuit has held that ". . . while <i>pro se</i> litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including <i>pro ses</i>, have an obligation to comply with court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." <u>McDonald v. Head Criminal Court Supervisor Officer</u>, 850 F.2d 121, 124 (2d Cir. 1988).

Moreover, it is well-settled that a district court has the "inherent power" to dismiss a case with prejudice for lack of prosecution pursuant to Rule 41(b). <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." <u>Id</u>. at 629 - 30; <u>Palmieri v. DeFaria</u>, 88 F.3d 136, 140 (2d Cir. 1996) ("a District Court may dismiss a claim with prejudice for failure to prosecute"); <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 87 (2d Cir. 1995) (district

court may dismiss complaint under F.R.C.P. 41(b) for failure to comply with court order, treating noncompliance as failure to prosecute).

Furthermore, *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law. Amnay v. Del Labs, et al., 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). In fact, "[i]t is a well-settled and often repeated principle that 'pro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" Rivera v. Warden of M.C.C., 95 Civ. 3779 (CSH), 2000 U.S. Dist. LEXIS 8212, at *14 (S.D.N.Y. June 13, 2000).

In this case, plaintiff has failed to comply with Your Honor's December 3, 2007 Order, which required him to return executed unsealing and medical releases to defense counsel, and plaintiff has failed to contact defendants regarding any matter in this case. Additionally, plaintiff has failed to keep the Court informed of his current address. Hibbert v. Apfel, 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *5-6 (S.D.N.Y. July 14, 2000) (it is plaintiff's obligation to inform the Court's *Pro Se* office of any change of address). Upon information and belief, plaintiff was released from D.O.C. custody at Rikers Island on or about December 1, 2007 when he posted bail. Since then however, plaintiff has failed to provide the Court or defendants with an address or telephone number at which he can be contacted. Finally, plaintiff has not responded to defendants' effort to reach out to him at his last known address.

Accordingly, for these reasons, defendants respectfully renew their request that the Court dismiss this action pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. It is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Ricardo Reuben (By mail to last known address)
Plaintiff *Pro Se*
102 Martin Luther King Place, #4B
Brooklyn, New York 11206

Honorable Jed S. Rakoff (By hand delivery)
United States District Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

IT WOULD BE IMPRUDENT TO CONSIDER GRANTING DISPOSITIVE RELIEF ON THE BASIS OF A LETTER. DEFENDANTS ARE DIRECTED TO MAKE THEIR APPLICATION BY FORMAL MOTION

SO ORDERED

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
4-24-08